UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| ELSON GEE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:05-cv-754 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| WEST SHORELINE CORRECTIONAL FACILITY, | ) ) | **MEMORANDUM OPINION** |
| | ) | |
| Respondent. | ) ) | |

This habeas corpus action is before the court on petitioner's objections to the report and recommendation of the magistrate judge. Petitioner is serving a 15-to-30 year sentence, imposed by the Muskegon County Circuit Court after petitioner was convicted of armed robbery. Judgment was entered on October 10, 1990. The report and recommendation of the magistrate judge concludes that the habeas corpus petition, filed on December 2, 2004, in the Eastern District of Michigan and subsequently transferred to this court, was untimely under the one-year statute of limitations applicable to habeas corpus petitions. 28 U.S.C. § 2241(d)(1). This court must accord *de novo* review to properly filed objections. 28 U.S.C. § 636(b)(1)(B).

The only point made in petitioner's objections is that he filed a petition for mandamus in the Eastern District of Michigan in the year 1995. The magistrate judge, however, clearly noted the existence of that earlier proceeding in the report and recommendation (p. 2). The 1995 petition, which was pending for only two months, has no effect on the calculation of the one-year limitations

period.  As the magistrate judge correctly noted, petitioner's conviction became final before the effective date of AEDPA on April 24, 1996.  Petitioner therefore had one year from this date in which to file his petition.  *See Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001).  Consequently, the 1995 mandamus petition, which was filed and dismissed before the effective date of AEDPA, had absolutely no bearing on either the accrual of the statute of limitations or its tolling.

Petitioner also provides the affidavit of Aurscant Hughey-Bey, petitioner's "writ writer." In this affidavit, Mr. Hughey-Bey indicates that he advised petitioner that his habeas corpus action was untimely.  Mr. Hughey-Bey also raises the possible effect of the 1995 mandamus petition which, as this court has previously indicated, had no effect on the timeliness of the present action.

The court has carefully reviewed the legal authorities set forth in the report and recommendation and the calculation of the accrual and tolling of the statute of limitations set forth therein.  Upon *de novo* review, the court endorses the reasoning of the report and recommendation and determines that petitioner's habeas corpus action is indeed time-barred.  The court further notes that petitioner has not raised any ground upon which the court could consider equitable tolling of the statute, despite the invitation of the report and recommendation to do so.

A judgment will therefore be entered dismissing the petition.


Date:   January 3, 2006            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE